UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| JIMMIE HACKLEY | } | Case No. 1:19-cv-215 |
| PLAINTIFF | } | |
| | } | COMPLAINT FOR DAMAGES |
| v. | } | 15 U.S.C. § 1692, et seq. |
| | } | |
| CREDIT CONTROL, LLC | } | |
| DEFENDANT | } | |
| _____/ | | **JURY TRIAL REQUESTED** |

## COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

1. Plaintiff JIMMIE HACKLEY, through his attorney, brings this action to challenge the actions of Defendant CREDIT CONTROL, LLC, for unlawful conduct in connection with debt collection activity.

2. The Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., ("FDCPA") was designed to protect citizens from such abuses perpetrated by debt collectors like the ones described in this complaint, and to protect citizens like Plaintiff. "There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* at § 1692(a)

3. Plaintiff makes the allegations below on information and belief, with the exception of those allegations that pertain to Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

4. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act (FDCPA), over which the U.S. District Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692k, 15 U.S.C. § 1681p, and *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

5. Because Defendant conducts business in the State of Florida by repeatedly contacting Florida residents while attempting to collect upon consumer debts, personal jurisdiction is established.

6. Because all tortious conduct occurred while Plaintiff resided in the City of Gainesville, County of Alachua, and witnesses are located within such location, venue properly lies with this court.

**PARTIES AND DEFINITIONS**

7. Plaintiff is a natural person.

8. Defendant is a "debt collector" as such term is described by the FDCPA, 15 U.S.C. § 1692a(6) because Defendant used instrumentalities of interstate commerce within this state, the principal purpose of which is the collection of debts. Additionally or alternatively, Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

9. Plaintiff was allegedly obligated to pay a "debt," as such term is described by the FDCPA, 15 U.S.C. § 1692a(5) because he allegedly obligated to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. Specifically, the alleged debt was one incurred via a personal account with Bank of America, N.A.

10. Plaintiff is a "debtor" and "consumer" as those terms are described by the FDCPA, 15 U.S.C. § 1692a(3) because he was allegedly obligated to pay a "debt."

## FACTUAL ALLEGATIONS

11.  On September 18, 2019, Defendant mailed Plaintiff a letter, dated September 12, 2019, attempting to collect on an alleged consumer debt that Plaintiff allegedly incurred with Bank of America, N.A.  This was the very first communication of any capacity Defendant made to Plaintiff regarding this alleged debt at issue.

12. Plaintiff does not actually owe the alleged debt described in paragraphs 9 and 11, above and for which Defendant sought to collect from Plaintiff.

13. As of October 24, 2019, during Defendant's initial communication with Plaintiff, and in fact during every one of Defendant's communications with Plaintiff, Defendant failed to provide Plaintiff with the full set of the following five disclosures: information regarding the amount of the debt; the name of the creditor to whom the debt is owed; a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. Furthermore, Defendant has failed to provide Plaintiff with the foregoing in any written capacity at all.

## FIRST CLAIM FOR RELIEF

**Violation of the FDCPA, 15 U.S.C. § 1692, et seq.**

14. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1-13, as if fully set forth herein.

15. By communicating with Plaintiff for the purposes of collecting upon an alleged debt that Plaintiff does not actually owe in the manner alleged by Defendant, Defendant has falsely represented the character, amount, or legal status of a debt, and has engaged in illegal practices under the FDCPA, 15 U.S.C. § 1692e(2)(A).

16. By contacting Plaintiff for the purposes of collecting upon an alleged debt that Plaintiff does not actually owe in the manner alleged by Defendant, Defendant has used unfair and unconscionable means to collect or attempt to collect a debt, including the collection of an amount not expressly authorized by an agreement creating the debt or permitted by law, and has engaged in illegal practices under the FDCPA, 15 U.S.C. § 1692f(1).

17. By failing to provide Plaintiff with written notice of, within five days of the initial communication with Plaintiff in connection with the collection of the debt, or during the initial communication itself, the amount of the debt; the name of the creditor to whom the debt is owed; a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor, Defendant has engaged in illegal practices under the FDCPA, 15 U.S.C. § 1692g(a).

18. The FDCPA provides for actual damages sustained as a result of violation of the statute, 15 U.S.C. § 1692k(a)(1).

19. The FDCPA provides for statutory damages of $1,000.00 for violation of the statute, 15 U.S.C. § 1692k(a)(2).

20. The FDCPA provides for reasonable attorney's fees and costs in any successful action, 15 U.S.C. § 1692k(a)(3).

21. 15 U.S.C. § 1692k(a)(1) entitles Plaintiff to actual damages for Defendant's violations of the FDCPA, 15 U.S.C. § 1692, et seq., and Plaintiff are so entitled.

22. 15 U.S.C. § 1692k(a)(2) entitles Plaintiff up to $1,000.00 in statutory damages for Defendant's violations of the FDCPA, 15 U.S.C. § 1692, et seq., and Plaintiff are so entitled.

23. 15 U.S.C. § 1692k(a)(3) entitles Plaintiff to reasonable attorney's fees and costs upon successful prosecution of this action, and Plaintiff are so entitled.

WHEREFORE, Plaintiff respectfully requests that this Court enters judgment against Defendant and provides Plaintiff with the following relief (for each individual Plaintiff):

(a) Actual damages in the maximum amount the court deems proper and may provide;

(b) Statutory damages in the amount of $1,000.00;

(c) Reasonable attorney's fees and costs;

(d) And any other relief as the court deems proper and may provide.

Plaintiff requests a jury for all claims so triable.

Respectfully submitted this 24th day of October, 2019,

By Plaintiff's attorney: /s/ Nicholas Michael Murado
Nicholas Michael Murado
Florida Bar # 102769
Murado Law, P.A.
2010 S.W. 99th Avenue
Miramar, Florida, 33025
Telephone: 754-816-2196
E-mail: muradolaw@gmail.com